# EXHIBIT A





**REGISTERED AGENT**
SOLUTIONS INC
A **LEXITAS** COMPANY

Registered Agent Solutions, Inc.
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX  78735

**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

2023-07-27

MiMi Bachan
**Claire's Boutiques, Inc.**
3 SW 129th Avenue
Suite 300
Pembroke Plnes, FL 33027 USA

**NOTICE OF CONFIDENTIALITY**

This notice and the information it contains are intended
to be  a confidential communication only to the individual
and/or entity to whom it is addressed. If you have
received this notice in error, immediately call our SOP
Department at (888) 705-7274.

**RE:** **Claire's Boutiques, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the
above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate
review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in
their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer: SETAREH LAW GROUP

### SERVICE INFORMATION
Service Date:    2023-07-27
Service Time:    1:39 PM PDT
Service Method: Process Server

### RASi REFERENCE INFORMATION
Service No.:   0267474
RASi Office:  California
Rec. Int. Id.:  AES

### CASE INFORMATION
Case Number:  CIV SB 2307429
File Date:       05/09/2023
Jurisdiction:   SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
Case Title:     MARIA LUNA, ET AL. VS. CLAIRE'S BOUTIQUES, INC.

### ANSWER / APPEARANCE INFORMATION
30 days          *(Be sure to review the document(s)
for any required response dates)*

### AGENCY / PLAINTIFF INFORMATION
Firm/Issuing Agent: SETAREH LAW GROUP
Attorney/Contact:   ILLEGIBLE; MULTIPLE ATTORNEYS
Location:       California
Telephone No.:     310-888-7771

### DOCUMENT(S) RECEIVED & ATTACHED
Complaint
Summons
Demand for Jury Trial
OtherDetail: CIVIL CASE COVER SHEET

### ADDITIONAL NOTES:

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission.  The transmitted documents have also been uploaded to your
Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's
notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CLAIRE'S BOUTIQUES, INC., a Michigan Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIA LUNA, on behalf of herself and all others similarly situated.

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**MAY 09 2023**

BY _Mariah Mora_    DEPUTY
Mariah Mora

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Superior Court
14455 Civic Dr. #100,
Victorville, CA 92392

CASE NUMBER:
*(Número del Caso):* **CIV SB 2307429**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setarch, Esq., 9665 Wilshire Blvd., Suite 430, Beverly Hills, California 90212, (310) 888-7771

DATE: **MAY 09 2023**
*(Fecha)*
Clerk, by _Mariah Mora_ , Deputy
*(Secretario)* Mariah Mora *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **CLAIRE'S BOUTIQUES, INC., a Michigan Corporation**

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>SETAREH LAW GROUP<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name):* MARIA LUNA | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>MAR 28 2023<br><br>BY  MARIAH MORA<br>MARIAH MORA, DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino<br>STREET ADDRESS: 14455 Civic Dr. #100<br>MAILING ADDRESS: 14455 Civic Dr. #100<br>CITY AND ZIP CODE: Victorville, CA 92392<br>BRANCH NAME: | |
| CASE NAME:<br>Luna v. Claire's Boutiques, Inc. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: **CIVSB 2307429** |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Nine
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 27, 2023

Julianna M. Gesiotto
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Jose Maria D. Patino, Jr. (SBN 270194)
     jose@setarehlaw.com
3  Maxim Gorbunov (SBN 343128)
     maxim@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff  MARIA LUNA

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

MAR 28 2023

BY _____
MARIAH MORA, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN BERNARDINO

10                      UNLIMITED JURISDICTION

11  MARIA LUNA, on behalf of herself and all
    others similarly situated.

12
              *Plaintiff,*
13
         v.
14
    CLAIRE'S BOUTIQUES, INC., a Michigan
15  Corporation; and DOES 1 through 50,
    inclusive,
16
              *Defendants.*
17

Case No. **CIV SB 2 3 0 7 4 2 9**

**CLASS ACTION COMPLAINT**

1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4.  Failure to Indemnify (Lab. Code § 2802);
5.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
6.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
7.  Failure to Timely Furnish Personnel Records (Lab. Code §§ 432, and 1198.5);
8.  Failure to Timely Produce Payroll Records (Lab. Code § 226(b));
9.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);

**JURY TRIAL DEMANDED**

18
19
20
21
22
23
24
25
26
27
28

Plaintiff MARIA LUNA ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against defendants CLAIRE'S BOUTIQUES, INC., a Michigan Corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that Defendants have

(1)      failed to provide Plaintiff and all other similarly situated individuals with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)      failed to pay them at least minimum wage for all hours worked;

(6)      failed to pay them overtime wages at the correct rate;

(7)      failed to pay them overtime wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(8)      failed to reimburse them for all necessary business expenses;

(9)      failed to provide them with accurate written wage statements; and

(10)     failed to pay them all of their final wages following separation of employment.

Based on these alleged violations, Plaintiff now brings this action to recover unpaid wages, restitution, and related relief on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction to hear this case because the unpaid wages, actual damages, liquidated damages, restitution, and penalties sought by Plaintiff from Defendants exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

3.      Venue is proper in SAN BERNARDINO pursuant to Code of Civil Procedure §§ 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the

1

CLASS ACTION COMPLAINT

1  Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
2  Jose Maria D. Patino, Jr. (SBN 270194)
    jose@setarehlaw.com
3  Maxim Gorbunov (SBN 343128)
    maxim@setarehlaw.com
4  SETAREH LAW GROUP
    9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
    Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff MARIA LUNA

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN BERNARDINO

10                           UNLIMITED JURISDICTION

11  MARIA LUNA, on behalf of herself and all    Case No.
     others similarly situated.
12
                                                 **CLASS ACTION COMPLAINT**
13          *Plaintiff,*

14          v.                                   1.  Failure to Provide Meal Periods (Lab. Code
                                                     §§ 204, 223, 226.7, 512 and 1198);
15  CLAIRE'S BOUTIQUES, INC., a Michigan         2.  Failure to Provide Rest Periods (Lab. Code
     Corporation; and DOES 1 through 50,             §§ 204, 223, 226.7 and 1198);
16  inclusive,                                   3.  Failure to Pay Hourly Wages (Lab. Code §§
                                                     223, 510, 1194, 1194.2, 1197, 1997.1 and
17          *Defendants.*                            1198);
                                                 4.  Failure to Indemnify (Lab. Code § 2802);
18                                               5.  Failure to Provide Accurate Written Wage
                                                     Statements (Lab. Code §§ 226(a));
19                                               6.  Failure to Timely Pay All Final Wages
                                                     (Lab. Code §§ 201, 202 and 203);
20                                               7.  Failure to Timely Furnish Personnel
                                                     Records (Lab. Code §§ 432, and 1198.5);
21                                               8.  Failure to Timely Produce Payroll Records
                                                     (Lab. Code § 226(b));
22                                               9.  Unfair Competition (Bus. & Prof. Code §§
                                                     17200 *et seq.*);
23
24                                               **JURY TRIAL DEMANDED**
25
26
27
28

                          CLASS -ACTION COMPLAINT

1    Plaintiff MARIA LUNA ("Plaintiff"), on behalf of herself and all others similarly situated,

2    complains and alleges as follows:

3                                    **INTRODUCTION**

4        1.      Plaintiff brings this class action against defendants CLAIRE'S BOUTIQUES, INC.,

5    a Michigan Corporation; and DOES 1 through 50, inclusive, (collectively referred to as

6    "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that

7    Defendants have

8        (1)     failed to provide Plaintiff and all other similarly situated individuals with meal

9                periods;

10       (2)     failed to provide them with rest periods;

11       (3)     failed to pay them premium wages for missed meal and/or rest periods;

12       (4)     failed to pay them premium wages for missed meal and/or rest periods at the regular

13               rate of pay;

14       (5)     failed to pay them at least minimum wage for all hours worked;

15       (6)     failed to pay them overtime wages at the correct rate;

16       (7)     failed to pay them overtime wages by failing to include all applicable remuneration

17               in calculating the regular rate of pay;

18       (8)     failed to reimburse them for all necessary business expenses;

19       (9)     failed to provide them with accurate written wage statements; and

20       (10)    failed to pay them all of their final wages following separation of employment.

21    Based on these alleged violations, Plaintiff now brings this action to recover unpaid wages,

22    restitution, and related relief on behalf of herself and all others similarly situated.

23                              **JURISDICTION AND VENUE**

24       2.      This Court has subject matter jurisdiction to hear this case because the unpaid wages,

25    actual damages, liquidated damages, restitution, and penalties sought by Plaintiff from Defendants

26    exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

27       3.      Venue is proper in SAN BERNARDINO pursuant to Code of Civil Procedure §§

28    395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the

                                            1
                                  CLASS ACTION COMPLAINT

1  subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices,

2  transacts business, and/or has an agent therein.

3  **PARTIES**

4      4.    Plaintiff is and was, and at all relevant times mentioned herein, an individual

5  residing in the State of California.

6      5.    Plaintiff is informed and believes, and thereupon alleges, that Defendant CLAIRE'S

7  BOUTIQUES, INC. is, and at all relevant times mentioned herein, a Michigan Corporation doing

8  business in the State of California.

9      6.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

10  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

11  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

12  when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the

13  fictitiously named defendants are responsible in some manner for the occurrences, acts and

14  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

15  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

16  capacities of the DOE defendants when ascertained.

17      7.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

18  mentioned herein, some or all of the defendants were the representatives, agents, employees,

19  partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some

20  or all of the other defendants, and, in doing the things alleged herein, were acting within the course

21  and scope of such relationship and with the full knowledge, consent, and ratification by such other

22  defendants.

23  **CLASS ALLEGATIONS**

24      8.    This action has been brought and may be maintained as a class action pursuant to

25  Code of Civil Procedure § 382, because there is a well-defined community of interest among the

26  persons who comprise the readily ascertainable classes defined below and because Plaintiff is

27  unaware of any difficulties likely to be encountered in managing this case as a class action.

28      9.    **Relevant Time Period**: The relevant time period is defined as the time period

2
CLASS ACTION COMPLAINT

beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**: All persons employed by Defendants whether directly or indirectly through any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period.**

**Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period.**

**Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period.**

**Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period.**

**Expense Reimbursement Class:** All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period.**

**Regular Rate Class:** All of Defendants' hourly, non-exempt employees who were not paid overtime wages for all overtime hours worked and/or premiums for meal and/or rest break violations as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses.

**Personnel Record Class:** All persons employed by Defendants in California who requested but did not timely receive their personnel documents during the Relevant Time Period.

10.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

11.    **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number exceeds the minimum required for numerosity under California law.

12.    **Commonality and Predominance:** Common questions of law and fact exist as to all

class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

    i.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    ii.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    iii.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    iv.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

    v.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

    vi.    Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

    vii.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

    viii.    Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

    ix.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

    x.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

    xi.    Whether Defendants applied policies or practices that result in late and/or incomplete

1          final wage payments;

2    xii.    Whether Defendants are liable to class members for waiting time penalties under

3          Labor Code section 203;

4    xiii.   Whether class members are entitled to restitution of money or property that

5          Defendants may have acquired from them through unfair competition;

6    13.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff

7    is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing

8    to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

9    14.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

10   that she has no interests that are adverse to or otherwise conflict with the interests of absent class

11   members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly

12   and adequately represent and protect the interests of the other class members.

13   15.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

14   they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

15   wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

16   behalf of Plaintiff and absent class members.

17   16.    **Superiority:** A class action is vastly superior to other available means for fair and

18   efficient adjudication of the class members' claims and would be beneficial to the parties and the

19   Court. Class action treatment will allow a number of similarly situated persons to prosecute their

20   common claims simultaneously and efficiently in a single forum without the unnecessary

21   duplication of effort and expense that numerous individual actions would entail. In addition, the

22   monetary amounts due to many individual class members are likely to be relatively small and would

23   thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.

24   Moreover, a class action will serve an important public interest by permitting class members to

25   effectively pursue the recovery of monies owed to them. Further, a class action will prevent the

26   potential for inconsistent or contradictory judgments inherent in individual litigation.

27              **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

28   17.    Plaintiff worked for Defendants as an hourly, non-exempt employee from

1   approximately August of 2021 through January 19, 2023.

2                        **Security Check and Off-the-Clock**

3       18.    Defendants required Plaintiff and the putative class to go through a security bag-

4   check when leaving the premises after clocking out at the end of their shifts.

5       19.    Plaintiff and the putative class were required to spend a few minutes each time they

6   went through the security check—time that was not paid by Defendants.

7       20.    Based on the above, Defendants' security check practices have resulted in

8   substantial amounts of time not recorded as hours worked therefore resulting in substantial

9   amounts of wages not paid to Plaintiff and the putative class.

10                        **Clocking In/Off-the-Clock**

11      21.    Plaintiff and the putative class would often work opening shifts where they were

12  required to boot up the computer system before clocking in.

13      22.    The time spent waiting for the computer to start up and login could take as long as

14  five minutes—time which was unpaid by Defendants.

15                        **Missed Meal Periods**

16      23.    Plaintiff and the putative class were not provided with meal periods of at least thirty

17  (30) minutes for each five (5) hour work period due to (1) chronically understaffing each work

18  shift with not enough workers; (2) imposing so much work on each employee such that it made it

19  unlikely that an employee would be able to take their breaks if they wanted to finish their work on

20  time; and (3) no formal written meal and rest period policy that encouraged employees to take their

21  meal and rest periods. Specifically, there were times Plaintiff and the putative class members were

22  unable to take meal periods within their first five hours of work because there was no other

23  employee in the store to relieve them.

24      24.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

25  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

26  worked due to complying with Defendants' requirement that employees remain in the store and

27  working until relieved by another employee..

28                        **Missed Rest Periods**

1    25.    Plaintiff and the putative class were not provided with rest periods of at least ten

2  (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants'

3  policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing

4  each work shift with not enough workers; and (3) no formal written meal and rest period policy

5  that encouraged employees to take their meal and rest periods.

6    26.    Plaintiff and the putative class often missed rest periods or took them after working

7  for four hours when the store was busy and there was no other employee to relieve them.

8    27.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

9  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours

10  worked.

11                                **Regular Rate of Pay**

12    28.    The regular rate of pay under California law includes all remuneration for

13  employment paid, on behalf of the employer, to the employee. This requirement includes, but is

14  not limited, to, commissions and non-discretionary bonuses.

15    29.    Plaintiff and the putative class members received non-discretionary bonuses when

16  their store met or exceeded its quota each quarter.

17    30.    During the applicable limitations period, upon information and belief, Defendants

18  violated the rights of Plaintiff and the putative class under the above-referenced Labor Code

19  sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor

20  Code §§ 510, 1194, and 1198 and/or premium payments for missed meal and rest breaks as a result

21  of not correctly calculating their regular rate of pay to include all applicable remuneration,

22  including, but not limited to, non-discretionary bonuses.

23                                **Expense Reimbursement**

24    31.    Plaintiff and the putative class members were required to utilize their own personal

25  equipment to perform their job duties. Specifically, Defendants required Plaintiff and the putative

26  class members to use their personal vehicles to drop off deposits multiple times per week and to use

27  their cell phones to call corporate offices.

28    32.    Plaintiff and the putative class members were not reimbursed for gas or mileage for

7
CLASS ACTION COMPLAINT

1  driving and were not reimbursed for necessary and required use of their personal cell phones.

2      33.    Defendants failed to reimburse Plaintiff and the putative class for such necessary

3  business expenses incurred by them.

4                                    **Wage Statements**

5      34.    Plaintiff and the putative class were not provided with accurate wage statements as

6  mandated by law pursuant to Labor Code § 226.

7      35.    Defendants failed to comply with Labor Code 0167 226(a)(1) as "gross wages

8  earned" were not accurately reflected in that all hours worked, including overtime and/or "off-the-

9  clock" work were not included.

10     36.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

11  worked by the employee" were not accurately reflected in that all hours worked, including overtime

12  and/or "off-the-clock" work were not included.

13     37.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

14  earned" were not accurately reflected in that all hours worked, including overtime and/or "off-the-

15  clock" work were not included.

16     38.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

17  hourly rates in effect during the pay period and the corresponding number of hours worked at each

18  hourly rate by the employee" were not accurately reflected in that all hours worked, including

19  overtime and/or "off-the-clock" work were not included.

20                              **FIRST CAUSE OF ACTION**

21                          **FAILURE TO PROVIDE MEAL PERIODS**

22                      **(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**

23                          **(Plaintiff and Meal Period Sub-Class)**

24     39.    Plaintiff incorporates by reference the preceding paragraphs as if fully alleged

25  herein.

26     40.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

27  non-exempt employees of Defendants entitled to the full meal period protections of both the Labor

28  Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

41.     Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative

obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal

periods of at least thirty minutes for each work period of five hours, and to provide them with two

uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

42.     Labor Code § 226.7 and § 11 of the applicable Wage Order both prohibit employers

from requiring employees to work during required meal periods and require employers to pay non-

exempt employees an hour of premium wages on each workday that the employee is not provided

with the required meal period.

43.     Compensation for missed meal periods constitutes wages within the meaning of

Labor Code § 200.

44.     Labor Code § 1198 makes it unlawful to employ a person under conditions that

violate the applicable Wage Order.

45.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5)
> hours without a meal period of not less than 30 minutes, except that when a
> work period of not more than six (6) hours will complete the day's work the
> meal period may be waived by mutual consent of the employer and employee.
> Unless the employee is relieved of all duty during a 30 minute meal period, the
> meal period shall be considered an 'on duty' meal period and counted as time
> worked. An 'on duty' meal period shall be permitted only when the nature of
> the work prevents an employee from being relieved of all duty and when by
> written agreement between the parties an on-the-job paid meal period is agreed
> to. The written agreement shall state that the employee may, in writing, revoke
> the agreement at any time."

46.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period

agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

members were not subject to valid on-duty meal period agreements with Defendants.

47.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

**Class** members when they worked five (5) hours without clocking out for any meal period.

48.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

**Class** members additional premium wages, and/or were not paid premium wages at the employees'

regular rates of pay when required meal periods were not provided.

9

49.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

50.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

51.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

52.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

53.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

54.    Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

55.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code § 200.

56.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

57.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

10

**CLASS ACTION COMPLAINT**

1   with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof,
2   as required by the applicable Wage Order.

3       58.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**
4   **Class** members additional premium wages when required rest periods were not provided.

5       59.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of herself and
6   **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and
7   costs of suit.

8       60.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial
9   benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period**
10   **Sub-Class** members, seeks to recover reasonable attorneys' fees.

11   **THIRD CAUSE OF ACTION**
12   **FAILURE TO PAY HOURLY AND OVERTIME WAGES**
13   **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**
14   **(Plaintiff and Hourly Employee Class)**

15       61.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

16       62.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have
17   been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the
18   applicable Wage Order.

19       63.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during
20   which an employee is subject to the control of the employer, and includes all the time the employee
21   is suffered or permitted to work, whether or not required to do so."

22       64.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt
23   employees at least the minimum wage set forth therein for all hours worked, which consists of all
24   hours that an employer has actual or constructive knowledge that employees are working.

25       65.    Labor Code § 1194 invalidates any agreement between an employer and an
26   employee to work for less than the minimum or overtime wage required under the applicable Wage
27   Order.

28       66.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages

11

1  in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the

2  underlying unpaid minimum wages and interest thereon.

3       67.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than

4  the minimum wage required under the applicable Wage Order for all hours worked during a payroll

5  period.

6       68.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other

7  person acting either individually or as an officer, agent, or employee of another person to pay an

8  employee, or cause an employee to be paid, less than the applicable minimum wage.

9       69.     Labor Code § 1198 makes it unlawful for employers to employ employees under

10  conditions that violate the applicable Wage Order.

11       70.     Labor Code § 204 requires employers to pay non-exempt employees their earned

12  wages for the normal work period at least twice during each calendar month on days the employer

13  designates in advance and to pay non-exempt employees their earned wages for labor performed in

14  excess of the normal work period by no later than the next regular payday.

15       71.     Labor Code § 223 makes it unlawful for employers to pay their employees lower

16  wages than required by contract or statute while purporting to pay them legal wages.

17       72.     Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay

18  non-exempt employees overtime wages of no less than one and one-half times the employees'

19  respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

20  hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the

21  seventh consecutive day of one workweek.

22       73.     Labor Code § 510 and § 3 of the applicable Wage Order also require employers to

23  pay non-exempt employees overtime wages of no less than two times the employees' respective

24  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

25  worked in excess of eight hours on a seventh consecutive workday during the workweek.

26       74.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied

27  centrally devised policies and practices to her and **Hourly Employee Class** members with respect

28  to working conditions and compensation arrangements.

75.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates, off-the-clock hours, and premium payments at a regular rate.

76.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

77.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

78.    Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

79.    The regular rate of pay under California law includes all remuneration for employment paid, on behalf of the employer, to the employee. This requirement includes, but is not limited to, non-discretionary bonuses.

80.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants violated the rights of Plaintiff and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable remuneration, including but not limited to, non-discretionary bonuses.

81.    California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including but not limited to, discretionary bonuses, be included when calculating an employee's regular rate of pay.

82.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect, among other things, non-discretionary bonuses, as required by

1  Labor Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions when

2  Defendants paid her premium wages in lieu of meal and/or rest periods.

3      83.     Plaintiff is informed and believes, and thereupon alleges, that, at all relevant times

4  during the applicable limitations period, Defendants maintained a policy or practice of paying

5  **Hourly Employee Class** members premium wages based on rates of compensation that have not

6  reflected non-discretionary bonuses as required by Labor Code § 226.7(b) and §§ 11 and 12 of the

7  applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of

8  meal and/or rest periods.

9      84.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

10  benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly**

11  **Employee Class** members, seeks to recover reasonable attorneys' fees.

12                    **FOURTH CAUSE OF ACTION**

13                    **FAILURE TO INDEMNIFY**

14                      **(Lab. Code § 2802)**

15           **(Plaintiff and Expense Reimbursement Class)**

16      85.     Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

17      86.     Labor Code section 2802(a) states:

18      An employer shall indemnify his or her employee for all necessary expenditures or
        losses incurred by the employee in direct consequence of the discharge of his or her
19      duties, or of his or her obedience to the directions of the employer, even though
        unlawful, unless the employee, at the time of obeying the directions, believed them to
20      be unlawful.

21      87.     At all relevant times during the applicable limitations period, Plaintiff and the

22  **Expense Reimbursement Class** members incurred necessary business-related expenses and costs,

23  including but not limited to, gas and mileage for driving their personal vehicles and expenses of cell

24  phone services for required use of their personal cell phone.

25      88.     Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

26  by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all

27  necessary business expenses incurred in the discharge of their duties.

28      89.     At all relevant times during the applicable limitations period, Defendants required

                            14

Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

90.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for all necessary business expenses.

91.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing within four years of the date of the filing of the original Complaint and until the date of entry of judgment.

92.    Plaintiff, on behalf of herself, and **Expense Reimbursement Class** members, seeks interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

93.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

94.    Labor Code § 226(a) states:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated,

15

showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

95.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006.)

96.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

97.     Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code § 226(a).

98.     Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated Plaintiff's and **Wage Statement Penalties Sub-Class** members' legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

99.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Wage Statement**

1   **Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the
2   initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred
3   dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a)
4   occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

5       100.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or
6   the common fund doctrine, Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-**
7   **Class** members, seek awards of reasonable attorneys' fees and costs.

8   **SIXTH CAUSE OF ACTION**
9   **FAILURE TO TIMELY PAY ALL FINAL WAGES**
10  **(Lab. Code §§ 201–203)**
11  **(Plaintiff and Waiting Time Penalties Sub-Class)**

12      101.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

13      102.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members
14  have been entitled, upon the end of their employment with Defendants, to timely payment of all
15  wages earned and unpaid before termination or resignation.

16      103.    At all relevant times, pursuant to Labor Code § 201, employees who have been
17  discharged have been entitled to payment of all final wages immediately upon termination.

18      104.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned
19  after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of
20  all final wages at the time of resignation.

21      105.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned
22  after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of
23  all final wages within seventy-two (72) hours' of giving notice of resignation.

24      106.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her
25  final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.
26  Instead, Defendants paid Plaintiff's final paycheck a week after her termination.

27      107.    Plaintiff is informed and believes that, at all relevant times during the applicable
28  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

17

1  members all of their final wages in accordance with the Labor Code.

2       108.    Plaintiff is informed and believes that, at all relevant times during the applicable
3  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**
4  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code
5  §§ 201 or 202 by failing to timely pay them all final wages.

6       109.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to
7  timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been
8  willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201
9  and/or 202 but have intentionally adopted policies or practices that are incompatible with those
10  requirements.

11       110.    Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Waiting**
12  **Time Penalties Sub-Class** members, seeks waiting time penalties from the respective dates that
13  their final wages had first become due until paid, up to a maximum of thirty days, and interest
14  thereon.

15       111.    Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial
16  benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time**
17  **Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

18  **SEVENTH CAUSE OF ACTION**

19  **FAILURE TO TIMELY PROVIDE PERSONNEL RECORDS**

20  **(Lab. Code §§ 432, and 1198.5)**

21  **(Plaintiff and Personnel File Class)**

22       112.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

23       113.    Labor Code section 1198.5 provides employees and their representatives with the
24  right to inspect and receive a copy of their personnel files within thirty calendar days from the date
25  the employer receives a written request.

26       114.    Section 1198.5(k) provides that an employer's failure to comply within the thirty-day
27  timeframe entitles the requesting employee to recover a seven hundred fifty-dollar ($750) penalty
28  from the employer.

115.    Labor Code section 432 further specifies that employers must furnish copies of all employment records bearing the employee's signature.

116.    Plaintiff, through her counsel, sent Defendant CLAIRE'S BOUTIQUES, INC. a written request for her personnel records on February 9, 2023, but has yet to receive any response or any records from the Defendant, including, but not limited to arbitration agreements, and time records. This failure is in direct violation of the Labor Code sections herein described.

117.    By failing to produce any arbitration agreements and therefore acting inconsistently with their right to demand arbitration, Defendants have waived their right to arbitrate any claims stated herein.

118.    On information and belief, Defendants have a uniform policy and/or practice of failing to produce or make available a current or former employee's personnel records and/or time records when requested pursuant to Labor code sections 432 and 1198.5.

119.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Personnel File Class** members, seek awards of reasonable attorneys' fees and costs.

## **EIGHTH CAUSE OF ACTION**

### **FAILURE TO TIMELY PRODUCE PAYROLL RECORDS**

#### **(Lab. Code § 226(b))**

#### **(Plaintiff and Personnel File Class)**

120.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

121.    Labor Code section 226 and all applicable IWC Wage Orders (Section 7) require that employers keep the following information on file for each employee for a minimum of 3 years: the employee's dates of employment; the employee's hourly rates and the corresponding number of hours worked by the employee at each hourly rate; when the employee begins and ends each work period (including meal periods) and split intervals; total hours worked by the employee; all deductions; gross wages earned; and net wages earned.

122.    Section 226(b) of the Labor Code further requires employers to "afford current and former employees the right to inspect or receive a copy of records pertaining to their employment

1 upon reasonable request to the employer." Section 226(c) provides that, "an employer who receives

2 a written or oral request to inspect or receive a copy of records pursuant to subdivision (b)

3 pertaining to a current or former employee shall comply with the request as soon as practicable, but

4 no later than 21 calendar days from the date of the request."

5     123.    Section 226(f) entitles an employee to seven hundred fifty-dollar ($750) from an

6 employer that fails to comply within the timeframe.

7     124.   Plaintiff, through her counsel, sent Defendant CLAIRE'S BOUTIQUES, INC. a

8 written request for her personnel records on February 9, 2023, but has yet to receive any response or

9 any records from the Defendant, including, but not limited to time and payroll records, and time

10 records. This failure is in direct violation of the Labor Code sections herein described.

11     125.    On information and belief, Defendants have a uniform policy and/or practice of

12 failing to produce or make available a current or former employee's payroll/time records when

13 requested pursuant to Labor code sections 226.

14     126.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or

15 the common fund doctrine, Plaintiff, on behalf of herself and **Personnel File Class** members, seek

16 awards of reasonable attorneys' fees and costs.

17 **NINTH CAUSE OF ACTION**

18 **UNFAIR COMPETITION**

19 **(Bus. & Prof. Code §§ 17200 *et seq.*)**

20 **(Plaintiff and UCL Class)**

21     127.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

22     128.    Business and Professions Code § 17200 defines "unfair competition" to include any

23 unlawful business practice.

24     129.    Business and Professions Code §§ 17203–17204 allow a person who has lost money

25 or property as a result of unfair competition to bring a class action in accordance with Code of Civil

26 Procedure § 382 to recover money or property that may have been acquired from similarly situated

27 persons by means of unfair competition.

28     130.    California law requires employers to pay hourly, non-exempt employees for all hours

20
CLASS ACTION COMPLAINT

1  they are permitted or suffered to work, including hours that the employer knows or reasonably
2  should know that employees have worked.

3      131.    Plaintiff, on behalf of herself and the **UCL Class** members, re-alleges and
4  incorporates the FIRST, SECOND, THIRD, and FOURTH causes of action herein.

5      132.    Plaintiff lost money and/or property as a result of the aforementioned unfair
6  competition.

7      133.    Defendants have or may have acquired money by means of unfair competition.

8      134.    Plaintiff is informed and believes and thereupon alleges that, by committing the
9  Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 201, 202,
10  203, 204, 223, 226, 510, 512, 1194, 1197, 1198, and 2802. Defendants thus committed
11  misdemeanors by violating the Labor Code as alleged herein.

12      135.    Defendants have committed criminal conduct through their policies and practices of,
13  *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-
14  exempt employees with legally required meal and rest breaks, to pay non-exempt employees for all
15  hours worked, to reimburse them for all expenses, and to pay wages timely upon separation.

16      136.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt
17  employees and entitled to the full protections of both the Labor Code and the applicable Wage
18  Order.

19      137.    Defendants' unlawful conduct as alleged in this Complaint amounts to and
20  constitutes unfair competition within the meaning of Business and Professions Code section 17200
21  *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition
22  and allow a person who has suffered an injury-in-fact and has lost money or property as a result of
23  an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of herself and on
24  behalf of similarly situated persons in a class-action proceeding.

25      138.    As a result of Defendants' violations of the Labor Code during the applicable
26  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form
27  of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'
28  conduct.

1    139.    Plaintiff is informed and believes that other similarly situated persons have been

2    subject to the same unlawful policies or practices of Defendants.

3    140.    Due to the unfair and unlawful business practices in violation of the Labor Code,

4    Defendants have gained a competitive advantage over other comparable companies doing business

5    in the State of California that comply with their legal obligations.

6    141.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

7    relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act

8    that violates, or is considered unlawful under, any other state or federal law.

9    142.    Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203,

10   Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining

11   Defendants, and each of them, and their agents and employees, from further violations of the Labor

12   Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an

13   order permanently enjoining Defendants, and each of them, and their respective agents and

14   employees, from further violations of the Labor Code and applicable Industrial Welfare

15   Commission Wage Orders.

16   143.    Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of herself

17   and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging

18   to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair

19   business practices.

20   144.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or

21   the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable

22   attorneys' fees in connection with their unfair competition claims.

23                                    **PRAYER FOR RELIEF**

24        WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief

25   and judgment against Defendants as follows:

26              (1)    An order that the action be certified as a class action;

27              (2)    An order that Plaintiff be appointed class representative;

28              (3)    An order that counsel for Plaintiff be appointed class counsel;

22

1       (4)    Unpaid wages;

2       (5)    Actual damages;

3       (6)    Liquidated damages;

4       (7)    Restitution;

5       (8)    Declaratory relief;

6       (9)    Pre-judgment interest;

7       (10)   Statutory penalties;

8       (11)   Costs of suit;

9       (12)   Reasonable attorneys' fees; and

10     (13)   Such other relief as the Court deems just and proper.

11                 **DEMAND FOR JURY TRIAL**

12     Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all

13    issues so triable.

15    Dated: March 24, 2023              SETAREH LAW GROUP

18                           SHAUN SETAREH
                               JOSE MARIA D. PATINO, JR.

19                           MAXIM GORBUNOV
                           Attorneys for Plaintiff

20                           MARIA LUNA

CLASS ACTION COMPLAINT